# Fetterman, Appellant, *v.* Blair County Board of Elections.

Argued October 2, 1961. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Richard S. Oyler,* for appellant.

*John Woodcock, Jr.,* for intervenor-appellee.

OPINION PER CURIAM, November 14, 1961:

This appeal requires us to determine whether the Act of June 25, 1941, P. L. 209, 4 PS §63, which amended the Act of July 2, 1935, P. L. 599, 4 PS §63, permits the Sunday motion picture referendum to be submitted to the electors at a general election. The distinction between general and municipal elections is found in the Act of June 3, 1937, P. L. 1333, 25 PS §§2602(h) and (j).

The Act of 1941 provides that *"the question . . . shall be submitted to the electors of any municipality at any municipal election. . . ."* (Emphasis supplied.) This amended and changed the original Act by the addition of the words "at any municipal election." Thus, no more than a superficial reading of the Act of 1941 is required to conclude that the intention of the legislature in the passage of the Act was to restrict the submission of this particular question to the voters at municipal elections and not to permit the question to be voted upon at general elections.

The Borough Council of Hollidaysburg, acting in conformity with the amended Act, filed a petition in the office of the county board of elections for a referendum vote on the Sunday motion picture question. This

288

petition specifically requested that the referendum be held at the next *municipal* election. The county board of elections disregarded that prayer and submitted the question to the voters by placing it on the ballots of the *general* election to be held on November 8, 1960. Appellant filed a petition for a writ of mandamus in the lower court seeking to direct the county board of elections to refrain from issuing the ballots for the determination of the Sunday motion picture question at the general election, but the lower court refused the relief prayed for and dismissed appellant's petition. This appeal followed.

The Act of 1941 proscribes the submission of the Sunday motion picture question to the voters at a general election. Therefore, such question voted upon at a general election is a nullity. However, since the election has already been held the present proceedings are moot. Nevertheless, we make this determination as to the invalidity of the election so that the court below and the litigants might be aided in the speedy and prompt adjudication of other litigation, i.e., a complaint in equity praying for injunctive relief, presently pending before the court below involving the same issue.

Judgment reversed.